Woolf v Bloomberg L.P. (2022 NY Slip Op 07174)

Woolf v Bloomberg L.P.

2022 NY Slip Op 07174

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 155152/20 Appeal No. 16910-16911 Case No. 2021-03915, 2022-02235 

[*1]Ronald Woolf, Plaintiff-Appellant,
v
Bloomberg L.P. et al., Defendants-Respondents.

Derek Smith Law Group, PLLC, New York (Daniel S. Kirschbaum of counsel), for appellant.
Epstein Becker & Green, P.C., New York (David W. Garland of counsel), for respondents.

Judgment, Supreme Court, New York County (Richard G. Latin, J.), entered October 4, 2021, dismissing the complaint pursuant to an order, same court and Justice, entered on or about October 8, 2021, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from above order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff's claims for discrimination brought pursuant to the New York State Human Rights Law (State HRL), to the extent they were premised on defendants' alleged failure to provide a reasonable accommodation for his disability, were barred by the doctrine of collateral estoppel (see Williams v New York City Tr. Auth., 171 AD3d 990, 991-992 [2d Dept 2019]; see also Executive Law § 296[3][a]).Under the State HRL, a plaintiff seeking to hold an employer liable for failing to make a transfer as a reasonable accommodation bears the "burden of demonstrating that a vacant funded position exists and that plaintiff was qualified to fill that position" (Pimentel v Citibank, N.A., 29 AD3d 141, 147 [1st Dept 2006], lv denied 7 NY3d 707 [2006]; accord Brice v State of New York Dept. of Health, 24 Misc 3d 141[A], 2009 NY Slip Op 51701[U], at *1 [App Term, 1st Dept 2009]). Here, in a prior federal action, the Second Circuit had found that plaintiff "fail[ed] to identify a suitable position that was open, that he was qualified for, and to which [he] could have been transferred" (Woolf v Strada, 792 Fed Appx 143, 145 [2d Cir 2020] [internal quotation marks and omitted]). Accordingly, plaintiff is estopped from claiming that defendants failed to provide a reasonable accommodation.
Plaintiff was similarly estopped from asserting the claims under the New York City Human Rights Law (City HRL) (see Administrative Code of City of NY § 8-107[15][a]), in view of the factual findings by the District Court in the federal action that, among other things, plaintiff had been offered and provided medical leave as an accommodation to address his migraines, and assigned a new immediate supervisor to help alleviate his workplace stress (see Woolf v Bloomberg L.P., 2019 WL 1046656, *3-8, 2019 US Dist LEXIS 35082, *8-24 [SD NY 2019, Mar. 5, 2019, No. 16-CV-6953 (PKC)]). "Defendants were not required to provide plaintiff with the specific accommodation []he preferred" (Porter v City of New York, 128 AD3d 448, 449 [1st Dept 2015]).
As to plaintiff's claims for unlawful termination and retaliation (see Executive Law § 296[1][a]; Administrative Code § 8-107[1][a][2]), those claims were barred by the factual determinations in the federal action that plaintiff failed to demonstrate that defendants' proffered reasons for providing negative feedback and terminating his employment were pretextual (Woolf, 2019 WL 1046656 at *16-17; Woolf, 792 Fed Appx at 145-146). Although, under the City HRL, plaintiff was simply required to "produce some evidence to suggest that at least one reason" proffered [*2]by defendants was "false, misleading, or incomplete," plaintiff failed to do so (Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 201 [1st Dept 2015]; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 308 [2004]). The general principle that the City HRL must be construed broadly in favor of plaintiffs "does not substitute for evidence" (Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 141 [1st Dept 2014]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022